## SOMMERVILLE v. WILLIAMS.

1. On a check, bill or note, payable on demand, or where no time of payment is expressed, no days of grace are allowed.
2. On such paper, presentment to the maker in a reasonable time after its reception, is sufficient to charge the endorser.

THIS was an action of assumpsit brought by Williams against Sommerville, in the Circuit Court of Franklin county, as endorser of a bond.

The declaration alleged that on the 27th of December, 1824, one W. Cooper made his writing obligatory of that date, payable to one R. Waggoner on the same day, for $125 75; that on the 28th of December, 1824, Waggoner endorsed the same to the defendant, who on the same day endorsed it to the plaintiff below; that on the same day it was presented to Cooper and payment demanded, which was refused, of which the defendant had notice, &c. At the October term, 1826, the general issue being filed, there was a verdict and judgement for the plaintiff.

Sommerville, the defendant below, here assigns for error, that there was no cause of action in the plaintiff's declaration; that the note was not due when the demand was averred to have been made of Cooper and notice given, the three days of grace not having expired, and therefore that judgement should have been given for the defendant.

Hopkins, for the plaintiff in error, argued that the demand and notice being on the day after the bond was due were nullities, that the maker of the bond was entitled to three days of grace, and therefore the declaration contained no cause of action. He cited the case of Eldridge against Rogers, [a] as admitting that a demand of payment before the proper day of grace, which must be either the second or third after that appointed by the bond for payment, does not charge the endorser. Also, Crenshaw against M'Kiernan. [b]

[a] Minor's Ala. R. 392.

[b] Ibid. 295. 12 John. 423.

W. B. Martin, for the defendant. It appears by the endorsement on the writ, that the endorsement was a collateral undertaking, and not a general endorsement. We rely on this fact, and also that the instrument is a writing obligatory and not a mercantile paper, and is not entitled to the three days grace. On either ground the judgement should be affirmed.

The declaration is a good one; at least it shews a *cause of action* and a *material issue joined*, which brings it within the statute of 1824. [c] Lest, however, dates should be noticed, I may remark that material averments are stated by *vidclicit* dates, which would have been good if stated in blank, such as that "when the writing had become due and payable, &c." "due notice given, &c." It was competent to prove under this declaration, that the plaintiff below had waived days of grace, if any were allowable; also a waiver of notice, &c. such evidence was clearly admissible.

[c] Acts 1824, p.17.

JULY 1828.

Sommerville
v.
Williams.

There is no material difference in declaring on a common endorsement or a collateral undertaking; more is required to be stated in the first case than in the last. In the latter case the declaration need only state a demand of the maker and notice to the guarantor, and no days of grace are allowed. I apprehend in such case that demand, notice and suit, might be on the same day, if in proper succession.

A plea in abatement is the more proper defence if an action be brought too soon; one appears by the record to have been filed and then withdrawn. This is a kind of admission of consent to go to trial on the pure merits of the cause. Courts always lean in favor of judgements where justice has been done, more especially where it is seen that evidence might have been given sufficient to sustain the cause of action set forth.

JUDGE SAFFOLD delivered the opinion of a majority of the Court. [a]

*a This case was argued at last January term, returned for further argument, and re-argued at this term.*

Our statute taken in connexion with the common law, presents intrinsic difficulty with respect to the remedy on bonds and notes drawn in the usual form, payable at a *future* day. To what extent they are to be regarded as negotiable securities; whether or not they are entitled to days of grace; and what is sufficient diligence against the parties secondarily liable, are questions on which this Court have never been unanimous.

This case however, is not found to involve the difficulty alluded to. The declaration describes the promise in the form that the "note was made due and payable on the *day and date thereof:*" hence it must have been a general promise to pay *without expressing any time of payment,* or *on demand,* or in the form of a *due bill.* Such being the case, the decision of this Court in the case of Crenshaw against M'Kiernan, made in 1824, if we were yet disposed to recognize the same doctrine, would not be decisive of the present. That was a note payable *twelve months* after date. and the opinion admitted a distinction between such, and "bills payable on demand, or at sight," as respects days of grace. Nor will the case cited of Eldridge against Rogers be found more in point.

We hold the doctrine to be, at least under our statute, that on a check, bill or note, expressed to be payable *on demand,* or when *no time of payment is expressed,* pay-

JULY 1828.

Sommerville
v.
Williams

*a* Chitty on Bills
345. 8 John. 374,
189. 13Mass.131,

ment may be demanded at any time, without any allowance of days of grace, and that presentment with a view to charge the drawer or endorsers, should be made within a reasonable time after the receipt of it. *a* I express no opinion of my own, with respect to the allowance of days of grace in this State on bills, promissory notes or bonds for the payment of money or other things, especially the two latter, as between individuals; as it is unnecessary to this decision, and for the additional reason that the act of the last session of the Legislature will have the effect, in future, to remove much of the difficulty referred to; though from its recent date, it can have no influence on this case. The opinion of a majority of the Court is, that the judgement should be affirmed.

## By JUDGE CRENSHAW.

In this case I concur in affirming the judgement of the Court below, solely on the ground that bills and other writings, payable at sight or on demand, are not entitled to the days of grace. In the case of Crenshaw and M'Kiernan, decided some years ago, when this Court sat at Cahawba, and which has ever since been considered by the profession as a leading case, it was settled that an endorsed promissory note was entitled to three days of grace, and that payment must be demanded on the last day; but in the opinion then delivered, it is expressly said that no grace was to be allowed to bills payable at sight or on demand; and if this be the law, there is certainly a stronger reason why the days of grace should not be allowed to writings obligatory, and notes under seal, payable at sight or on demand. In the case now before the Court, no time of payment is expressed in the instrument on which the action is brought; it is therefore due and payable presently, viz, at sight or on demand, and consequently not entitled to the days of grace. As to the days of grace, I make no distinction between common promissory notes and writings obligatory, or notes under seal, for, after assignment, the statute places them all on the same footing, and before assignment, none of them are entitled to the days of grace.

This opinion does not conflict with any of the principles settled in the adjudication above referred to, nor am I inclined to dispense with any former decision of this Court, unless on mature reflection I am satisfied that it

was wrong. I am not prepared to disturb the principles of decision settled in the case of Crenshaw and M'Keirnan.

## By JUDGE TAYLOR.

BECAUSE it is insisted that the affirmance of the judgement in this case overrules a former decision of this Court, and I believe it has no such effect, I deem it necessary succinctly to give the reasons which have brought me to this conclusion.

It was decided by this Court in the case of Crenshaw and M'Kiernan, that to aver a demand of payment of a promissory note, made payable at a given time after its date, on the third day after it matured, was not error. That decision, it is contended, settles this case. It is unnecessary to investigate the question on which many lawyers and some judges have maintained different opinions; that is, whether by the law merchant anterior to the statute of Ann, promissory notes were mercantile instruments, and whether that statute did more than enact that which was law before. The majority of decisions seem to have yielded the point that promissory notes were not previous to the enactment of that statute, mercantile or negotiable instruments. This being the case, promissory notes and bonds, at common law, so far as their negotiability was concerned, stood on the same foot, and our statute makes no difference between them. It is therefore admitted that the decision of Crenshaw and M'Kiernan must be applied to bonds in extenso; and after a practice has grown up under that decision, no matter what my private opinion may be as to its correctness, I would do nothing to shake it. It is true, were this *res integra*, I should decide differently from the opinion of the Court in that case. I should determine that bonds and notes had nothing to do with days of grace. It seems to me to be indeed a novel doctrine that an instrument is to be due at one time as to a payor or obligor, and at another as to the endorser and endorsee; that a holder of a paper may sue the person who executed that paper, yet while such suit is legally pending, it is not due as to other parties to it, even from the person who is sued.

Under the statute of Ann, a promissory note is placed on the foot of inland bills of exchange, and of course is not due until the third day of grace even to the payee.

JULY 1828.

Sommerville
v.
Williams.

The endorsement gives it no new quality in this respect. The payee cannot sue the payor until the days of grace have elapsed; the law makes this as imperative as any agreement of the parties expressed in the body of the instrument could do; and of course when the paper falls in the hands of an endorsee, he cannot demand payment so as to charge the endorser until it is due, that is, the third day of grace. But by our law, bonds and notes are due at the time they mature, according to their term between the original parties, and certainly the provision of the statute authorizing the assignee to prosecute an action on such an instrument in his own name "in the same way as on inland bills of exchange." has simply the effect of enabling him to sue the maker when the money *is due*, of demanding the money *when it is due*, of giving notice to the assignor of the failure of the maker to pay when the money *is due*, &c.

But admitting that notes and bonds, *after they are endorsed*, are put in all respects, even as to days of grace, on a foot with inland bills of exchange; still the judgement below in this case must be affirmed. In Chitty on Bills [a] it is said, "no days of grace are allowed on bills, notes or checks payable on demand, *or where no day of payment is expressed.*"

[a] Page 345.

It is a well established rule, that if no time of payment be expressed in a note, &c. it is payable immediately, and may, like one on demand, be sued on immediately without a demand. Then it was right to consider the two kinds, those payable on demand, and those in which no time of payment is expressed, as belonging to the same class. The instrument on the assignment of which this action is brought, has no time of payment expressed in it; therefore, if the author above cited be right, it was payable presently, and it was not a subject for days of grace, nor would have been even if it were an inland bill of exchange.

I therefore coincide in the opinion delivered by my brother Saffold, and believe that this decision does not shake that of Crenshaw and M'Kiernan; the note in that case being payable at a time specified, after its date.

Judgement affirmed.

Judge White not sitting.
62