JOHNSTON *vs.* SIMS.

1. In an action of trover, full costs are recoverable, notwithstanding the amount of the damages.

George Johnston declared in trover against Sims, in Greene Circuit Court, for the conversion of a negro girl slave.

At September term, 1831, a verdict was rendered for the plaintiff, and his damages assessed at one dollar : and on this verdict a judgment was rendered for one dollar costs.

At March term, 1832, a motion was submitted to the Court by the plaintiff for a correction of the judgment, by the entry of full costs. The Court overruled this motion, and the plaintiff took a writ of error.

LIPSCOMB, C. J. — This was an action of trover, brought by Johnston against Sims, for the conversion of a negro slave.

The plaintiff recovered a verdict, and damages were assessed at one dollar. The Court gave judgment for no more costs than damages. At the ensuing term of the Court the plaintiff made a motion to have judgment amended and rendered for full costs, but this motion was overruled.

[a] Ala.Laws 484 The statute of 1822,[a] provides, that not more costs than damages, shall be recovered in actions of slander or trespass, assault and battery. We are not authorised to give this act an interpretation, that would

embrace the action of trover.    Actions of trover, though sounding in damages, are not often brought from a litigious disposition, or to vex and harrass the defendant : they are generally found to arise from an honest difference of opinion, as to the right of property.

Not so, with slander and assault and battery.— Those two actions are often brought on the slightest grounds, and from the worst of motives.    Hence, it was thought necessary to discourage them, by the provision, that, unless a certain amount was recovered, that is to say, five dollars, the plaintiff should not recover more costs than damages.

This Court in the case of *M'Gee* vs. *Evans,* held, [1 Stewart 489] that in an action of trespass to try titles, the plaintiff was entitled to recover full costs.

It is probable that there never would have been any difference of opinion, on the construction of the statute, had it not been for the false punctuation, occurring between trespass, assault and battery.    We believe there should have been no point between the words—that they should have been all taken together, to designate a particular action.

Let the judgment be reversed and rendered, here, for full cost, although the damages recovered, were only six and one-fourth cents.